IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00696-M-BM

BRITTANY MARIE TOMLINSON,                )
                                          )
    Plaintiff,                            )
                                          )
v.                                        )        ORDER
                                          )
ROSES DISCOUNT STORE,                     )
VARIETY WHOLESALERS, INC., and            )
C. GILL FRAIZER, II,                      )
                                          )
    Defendants.                           )
                                          )
_____ )

    This matter comes before the court on a memorandum and recommendation ("M&R") issued by United States Magistrate Judge Brian S. Meyers pursuant to 28 U.S.C. §§ 636(b)(1) and 1915 and Federal Rule of Civil Procedure 72(b), recommending that this court dismiss Plaintiff's complaint for lack of the court's subject matter jurisdiction. DE 10. Judge Meyers instructed the Plaintiff to file any written objections to the M&R on or before August 7, 2025. *Id.* After a brief extension, Plaintiff timely filed an objection on August 13, 2025 (DE 12), and the matter is now ripe for consideration by this court.

    A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Federal courts are courts of limited jurisdiction, and subject-matter jurisdiction may be obtained in one of two ways: (1) by asserting a "federal question" (28 U.S.C. § 1331); or (2) by demonstrating that the parties are diverse and the disputed amount exceeds $75,000.00 (28 U.S.C. § 1332). Here, Judge Meyers conclude that "[a]lthough plaintiff invokes diversity jurisdiction [under § 1332] as the basis for subject matter jurisdiction, her complaint fails to demonstrate that diversity jurisdiction exists." DE 10 at 9-10. He also finds that the Complaint cannot be construed liberally to allege a federal question. *Id.* at 12-13. Judge Meyers recommends that this court dismiss the Complaint without prejudice for the court's lack of jurisdiction and deny the pending motion for default judgment as moot. *Id.* at 14.

In a civil case filed in federal court, the plaintiff has the burden and may demonstrate the court's jurisdiction by alleging in the Complaint a federal question or that complete diversity between the parties exists (i.e., the parties are citizens of different states) and the amount in controversy exceeds $75,000. *See Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018) (citing *Strawn*, 530 F.3d at 296–97). "Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side." *Autolube Grp. LLC v. Delfin Grp. USA LLC*, No. CA 2:13-2422-PMD, 2014 WL 5488400, at *6 (D.S.C. Oct. 29, 2014). The Fourth Circuit instructs that "[i]f one defendant is a citizen of the same state as the plaintiff, complete diversity is nonexistent, and federal jurisdiction will not lie." *Kimble v. Rajpal*, 566 F. App'x 261, 262 (4th Cir. 2014) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)); *see also Navy Fed. Credit Union v. LTD*

2

*Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) ("no plaintiff may share a citizenship with any defendant").

The court agrees that the Complaint fails to allege facts sufficient to support this court's subject-matter jurisdiction. Plaintiff alleges that she and the Defendants all reside or are located in North Carolina. DE 1 at 1-2. For purposes of jurisdiction, Plaintiff alleges that the individual Defendant is a citizen of North Carolina and that the entity Defendants are incorporated in and have their principal place of business in North Carolina. *Id.* at 3-4; *see also* DE 5.[1] Plaintiff's allegation that she is a "non-citizen national of the State of North Carolina" (DE 1 at 3) is unpersuasive and insufficient to invoke the court's diversity jurisdiction. *See Dubar v. Brody*, No. 7:23-cv-1179, 2025 WL 1356393 (E.D.N.C. Apr. 1, 2025), *adopted*, 2025 WL 1399991 (E.D.N.C. May 14, 2025) (analyzing a *pro se* "sovereign citizen" plaintiff's complaint for federal question and diversity jurisdiction). Furthermore, the court agrees that this "slip-and-fall" action (so-called by the Plaintiff) fails to allege facts supporting a violation of federal law. *See* DE 1 and 5.

In response to the M&R, Plaintiff mentions nothing about the court's subject-matter jurisdiction, Judge Meyers' findings regarding jurisdiction, and whether her allegations suffice to invoke it. *See* DE 12. In fact, she asserts, "[m]y complaint **clearly alleges a plausible claim** for negligence," thereby disclaiming any existence of a federal question. *Id.* at 1 (emphasis in original). Finding no clear (or other) error, the court agrees with Judge Meyers that it lacks subject-matter jurisdiction in this case and that the Complaint must be dismissed without prejudice.

Having no jurisdiction in this case, the court declines to address Plaintiff's objection to Judge Meyers' disposition of her pending motions.

---

[1] The court liberally construes the document filed at DE 5 as an amendment supplementing Plaintiff's original Complaint. *See* Fed. R. Civ. P. 15(a)(1).

Accordingly, the court ADOPTS the recommendation of the magistrate judge as its own, FINDS that the court lacks subject-matter jurisdiction over this action, DISMISSES the Complaint without prejudice, and DIRECTS the Clerk of the Court to close the case.

SO ORDERED this 10th day of September, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE